FREDERICK M. EGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Egan v. Commissioner
Docket No. 6806-75.
United States Tax Court
T.C. Memo 1976-351; 1976 Tax Ct. Memo LEXIS 52; 35 T.C.M. (CCH) 1601; T.C.M. (RIA) 760351; November 18, 1976, Filed *52 Frederick M. Egan, pro se. Willard J. Frank, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in petitioner's 1972 and 1973 income taxes in the amounts of $806 and $1,784.44, respectively, portions of which appear to have already been paid through withholding. The deficiencies are based on the following adjustments: 1972
1973
Salary & Wages
$4,911.36
Interest Income
2,119.12
$2,770.68 Petitioner does not challenge these adjustments. Petitioner is a carpenter. Since 1971 he has been engaged in a dispute with officers of his union. He quite plainly feels bitter about them, and states that he has been deprived of his livelihood as a result of expulsion from the union. The present litigation in this Court is largely an outgrowth of the injustice which he believes he has suffered in his litigation against the union officers in the United States District Court for the District of Massachusetts. Among his grievances is his complaint that the United States Marshall failed to make service upon at least one of the defendants. He believes with great sincerity that he has been "getting *53 a run around" in that litigation, and, as a consequence, he has taken the position that the Internal Revenue Service has "forfeited the right" to collect taxes from him that could be used to support other branches of the Government, notably the Federal District Court. He accordingly has written in red ink across the front page of his 1972 and 1973 returns the words "Forfeit the Right", which words also appear in his petition to this Court. While we have no doubt whatever as to the sincerity and moral fervor and intensity of petitioner's strongly held views, it must be remembered that we are a Court of limited jurisdiction and have no power whatever to inquire into the grievances about which petitioner complains in the District Court proceeding. To the extent that petitioner thinks that error has been committed against him in District Court, his proper course would seem to be an appeal to the United States Court of Appeals which has direct jurisdiction over decisions of the District Court. Our authority under law is confined strictly in cases of this character merely to a review of the Commissioner's determination of deficiency. We are without any power to act upon any broader *54 basis. Cf. ; , affirmed (C.A. 7), certiorari denied ; , remanded on another ground, (C.A. 9). Accordingly, since no error has been shown in the adjustments underlying the Commissioner's determination, it must be approved, but in order that the decision herein may show the correct amount of credits to which petitioner is entitled as a result of taxes already paid by him, Decision will be entered under Rule 155.